**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JAY D. LAMONT                                                                          PLAINTIFF

v.                                         No. 2:15CV00173-JLH-BD

UNITED STATES OF AMERICA                                                       DEFENDANT

**OPINION AND ORDER**

Jay D. Lamont, an inmate at FCI Forrest City Low, brings this action against the United States of America under the False Tort Claims Act[1] alleging that the United States negligently maintained and operated FCI Forrest City Low, causing him to suffer injuries from exposure to toxic mold and unsanitary living conditions.  Document #2.  The government has moved to dismiss Lamont's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that they are barred by the statute of limitations.  Document #11.  United States Magistrate Judge Beth Deere entered a partial recommended disposition in which she recommended that the Court deny the government's motion.  Document #18.  The Government has objected.  For the following reasons, after careful review of the recommendation, the timely objections received thereto, and a *de novo* review of the record, the motion to dismiss filed by the Government is denied.

Twenty-eight U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The United States Supreme Court recently held that this statute of limitations is nonjurisdictional.

*United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638, 191 L. Ed. 2d 533 (2015) (abrogating *T.L.*

---

[1]28 U.S.C. § 2671 *et seq.*

*v. United States*, 443 F.3d 956, 961 (8th Cir. 2006)); *Oskar v. United States*, No. 4:14-CV-04144, 2016 WL 782025 at *3 (S.D. Feb. 26, 2016).  Therefore, it operates like an affirmative defense, which may be raised under Federal Rule of Civil Procedure 12(b)(6) and for which the Government bears the burden of proof.  *See Trinity Marine Products*, 812 F.3d 481, 486 (5th Cir. 2016); *Peters v. United States*, No. 15-CV-3017-S-DGK, 2016 WL 325006 at *2 (W.D. Mo. Jan. 26, 2016). Ordinarily, "a plaintiff need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n. 10 (8th Cir. 2009).  "But, though [an affirmative defense] must be affirmatively pled and proved, '[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).'" *ABF Freight Sys. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d  929 (2007).  In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868

(2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

## I.

Section 2401(b) does not provide a basis for dismissal of Count I under Rule 12(b)(6). Lamont alleges in Count I that he has been continuously exposed to toxic mold spores and other allergens, causing him to develop skin rashes, hoarseness, blurred vision, headaches and respiratory problems. Document #2 at 2, ¶ 8. He began to experience symptoms in July 2012, but he did not see a doctor until sometime in 2013. *Id.* An FTCA claim generally accrues when the plaintiff is injured, *Osborn v. United States*, 918 F.2d 724, 731 (8th Cir. 1990), "but might not accrue until the plaintiff knows or reasonably should know of both an injury's existence and its cause." *Garza v. United States Bureau of Prisons*, 284 F.2d 930, 934 (8th Cir. 2002) (acknowledging that although this "diligence discovery accrual rule" is used primarily in the medical malpractice context, its application is not limited to medical malpractice cases). Because the cause of Lamont's injuries was not readily apparent, it is appropriate for the Court to use the discovery rule to determine when his claim accrued. *See Ryan v. United States*, 534 F.3d 828, 831-32 (8th Cir. 2008); *Brazzell v. United States*, 788 F.2d 1352, 1356 (8th Cir. 1986). "The rationale behind extending the statute of limitations is to protect plaintiffs who are blindly unaware of their claim because the injury has not yet manifested itself." *Muldrow v. Dep't of Def.*, 544 F. Supp. 2d 768, 781 (E.D. Ark. 2008).

The issue here is what Lamont knew or should have known about the cause of his injuries from July 2012–when he began developing skin rashes, hoarseness, and respiratory problems–until October 19, 2013, the date two years prior to the filing of his claim. *See Slaaten v. United States*,

990 F.2d 1038, 1041 (8th Cir. 1993). Once aware of the injuries–skin rashes, hoarseness, and respiratory problems–Lamont had a duty to exercise due diligence in investigating their cause. *See Osborn*, 918 F.2d at 732. *See also United States v. Kubrick*, 444 U.S. 111, 123, 100 S. Ct. 352, 360, 62 L. Ed. 259 (1979) ("A plaintiff [ ] armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.").

There is insufficient information in the complaint for the Court to conclude as a matter of law that Lamont could have reasonably discovered the cause of his injuries alleged in Count I to have developed in July 2012 by asking a doctor. Lamont alleges that he waited until 2013 to seek medical attention. Document #2 at 2, ¶ 8. The Court needs more information to determine whether the statute of limitations began to accrue in July 2012, when Lamont first began to develop rashes, hoarseness, and respiratory problems. *See Brazzell*, 788 F.2d at 1356 (holding that because the plaintiff's doctor initially told her the cause of her injuries–a vaccination–could not be the cause, the statute of limitations did not begin to accrue until her doctor drew the connection). *See also Ryan*, 534 F.3d at 831-32 (holding that because diligent inquiry would have led the plaintiffs to verify their injuries through DNA testing shown to be available to them more than two years before their FTCA claims were filed, the claims were time-barred). Because it is unclear when a doctor with average training and expertise could have informed Lamont that mold was aggravating the symptoms, the Government's affirmative defense is not established on the face of the complaint. Therefore, the statute of limitations cannot provide the basis for dismissal of Count I.

## II.

Section 2401(b) does not provide a basis for dismissal of Count 2 under Rule 12(b)(6). Lamont alleges in Count II that the Government failed to implement rudimentary sanitation measures, causing him to develop three drug-resistant staph infections during his time at FCI Forrest Low. *Id*. at 4, 5 ¶¶ 13-15. But Lamont does not indicate in the complaint when he developed the staph infections. *See id.* The Government's affirmative defense is not established on the face of the complaint. Therefore, Count II cannot be dismissed on a 12(b)(6) motion.

### CONCLUSION

For the foregoing reason, the Government's motion to dismiss is DENIED. Document #11.

IT IS SO ORDERED this 29th day of March, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE